Carol Lynn Finklehoffe. CA Bar No. 220309
LIPCON MARGULIES ALSINA & WINKLEMAN
One Biscayne Tower, Suite 1776
Miami, FL 33131
Tel: 305-373-3016
Fax: 305-373-6204
Email: cfinklehoffe@lipcon.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL CORTES, | CASE NO.: |
| Plaintiff, | **PLAINTIFF'S COMPLAINT** |
| vs. | **AND DEMAND FOR JURY TRIAL** |
| PRINCESS CRUISE LINES, LTD., a corporation for profit, | |
| Defendant. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CAROL CORTES, bring this action individually.  This action is brought against Defendant PRINCESS CRUISE LINES, LTD. (hereinafter "PRINCESS"), a for profit corporation, for personal injuries sustained by the Plaintiff CAROL CORTES and seeks compensatory damages, statutory attorney's fees and costs, and all other such relief provided under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101A, Section 504 of the Federal Rehabilitation Act, 29

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

1

U.S.C. § 794, *et seq.,* the related California statutes, and under principles of negligence pursuant to the General Maritime Law.

## Jurisdiction

1.      This Honorable Court has subject matter jurisdiction over Plaintiffs' claims arising under ADA, 42 U.S.C. § 12101, *et seq.*, pursuant to 28 U.S.C. § 1331 insofar as such claims arise under the laws of the United States of America.

2.      Additionally and/or alternatively, complete diversity exists amongst the Parties.  The matter in controversy exceeds the required amount, exclusive of interest and costs.  Should diversity not exist, then this matter is also brought under the admiralty and maritime jurisdiction of this Honorable Court.

3.      This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333, because Defendant PRINCESS unilaterally inserts a forum selection clause into its cruise tickets that requires its passengers to file cruise-related suits *only in this federal district and division,* as opposed to any other place in the world.

4.      Defendant PRINCESS, at all times material hereto, personally or through an agent:

        a.      Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

        b.      Was engaged in substantial activity within this state;

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

c.      Operated vessels in the waters of this state;

d.      Purposefully availed themselves of the benefits of conducting activities in California by purposefully directing their activities toward the state, thereby obtaining the benefits and protections of the state's laws;

e.      The acts of the Defendant set out in this Complaint occurred in whole or in part in this state and/or county;

f.      The cruise line ticket for the Plaintiff requires that suit be brought in this Court against the named Defendant in this action.

## **The Parties**

5.      Plaintiff, CAROL CORTES, was and is a resident of Florida.

6.      At all times material, Defendant PRINCESS was and is a for profit corporation with its worldwide headquarters, principal address and principal place of business located in the County of Los Angeles.

7.      At all times material, Defendant PRINCESS was and is a common carrier engaged in the business of marketing, selling and operating a cruise line out of various ports throughout the world including, Los Angeles, California and Miami, Florida.

8.      At all times material, Defendant PRINCESS derived substantial revenue from cruises originating and terminating in various ports throughout the world including, Los Angeles, California and Miami, Florida.

3

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

9.     At all times material, Defendant PRINCESS operated, managed, maintained, supervised, chartered, and/or controlled a large commercial vessel named *Crown Princess* ("the subject vessel").

10.    At all times material, Defendant PRINCESS transported fare-paying passengers on cruises aboard its vessel *Crown Princess*.

11.    Defendant PRINCESS is a private entity that owns, leases, operates, and/or manages a place of public accommodation, the vessel *Crown Princess,* operating in United States' water or those of its territories, as defined by Title III of the ADA, 42 U.S.C. §§ 12181(6), (7), and 28 C.F.R. § 36.104.

12.    Defendant PRINCESS' vessel, *Crown Princess*, is a public accommodation facility, including *inter alia*, stateroom cabins, and is subject Title III of the ADA, 42 U.S.C. § 12101, *et seq.*

## General Allegations Common to All Counts

13.    At all times material, the Plaintiff CAROL CORTES was a fare paying passenger and lawfully aboard the vessel *Crown Princess*.

14.    Plaintiff CAROL CORTES suffers from a motor neuron disease and relies upon a scooter for her mobility. Consequently, Plaintiff is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

15.    On or about January 15, 2018, the Plaintiff CAROL CORTES booked a Trans-Atlantic cruise, departing from Fort Lauderdale, aboard the *Crown Princess*.

At the time of booking, the Plaintiff CAROL CORTES specifically advised and informed Defendant PRINCESS that she was physically disabled and would require a wheelchair accessible stateroom aboard the subject vessel.

16.   Defendant PRINCESS expressly guarantees on its website that wheelchair-accessible staterooms have showers equipped with grab bars and handrails, to wit:



17.   At all times material, the Plaintiff CAROL CORTES was not provided with a wheelchair-accessible stateroom which included adequate and proper handrails/grab bars, even though Defendant PRINCESS assured Plaintiff that she would be provided with such in her stateroom.

18.   On or about April 15, 2018, the Plaintiff CAROL CORTES was injured due to a hidden hazardous condition and/or the lack adequate and proper handrails/grab bars aboard the *Crown Princess* when she slipped and fell on the

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

Plaintiff's Complaint and Demand for Jury Trial

unreasonably slippery flooring in her stateroom bathroom while attempting to shower.

19.     The dangerous nature of the unreasonably slippery flooring surface and/or lack of adequate and proper handrails/grab bars were not open and obvious and Defendant PRINCESS failed to properly warn the Plaintiff, Carol Cortes, of these hazardous conditions.

20.     These hazardous conditions were either created by the Defendant PRINCESS and its employees or had been in place for a sufficient period of time so that the Defendant PRINCESS knew or should have known about them through the exercise of reasonable care.

21.     Alternatively, the Defendant PRINCESS and/or its employees, at all material times, undertook to maintain and operate the *Crown Princess* in reasonably safe manner, and thereby acquired a duty to exercise reasonable care in those undertakings.

22.     At all times material, Defendant PRINCESS possessed and enjoyed sufficient control and authority to modify the situation to be ADA compliant and had the financial resources, without much difficulty or expense, to do so.

23.     As a result of the negligence of Defendant PRINCESS and its actions and deliberate failures to provide proper and adequate handrails/grab bars, the Plaintiff CAROL CORTES suffered serious, permanent and debilitating injuries, including but not limited to fractures to both of her ankles requiring multiple surgical procedures.

Plaintiff's Complaint and Demand for Jury Trial

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

24.     As a further result of Defendant PRINCESS's actions and deliberate failures to provide proper and adequate handrails/grab bars, Plaintiff CAROL CORTES was deprived of full and equal use, enjoyment, benefit, use, privileges and/or accommodations that were equal to that afforded to other individuals who are not physically disabled.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITY ACT

Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1 through 24, and alleges as follows:

25.     Defendant PRINCESS is an entity covered by Title III of the ADA, 42 U.S.C. § 12101, *et seq.*

26.     Defendant PRINCESS is a private entity that owns, leases, operates, and/or manages a place of public accommodation, the vessel *Crown Princess* operating in United States' water or those of its territories, as defined by Title III of the ADA, 42 U.S.C. §§ 12181(6), (7), and 28 C.F.R. § 36.104.

27.     Defendant PRINCESS's vessel, *Crown Princess*, includes places of public accommodations, *inter alia*, cabins, dining venues, specialty restaurants, bars and lounges, swimming pools, performance and movie theaters, internet cafes, spas and beauty salons, gymnasiums and outdoor jogging tracks, medical and auxiliary services (i.e., infirmary or medical center), and youth programs. 42 U.S.C. §§ 12181(6), (7) and 28 C.F.R. § 36.104.

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

28.    At all times material Plaintiff CAROL CORTES's experience aboard the subject vessel, and including on or about April 15, 2018, Defendant PRINCESS knowingly failed to provide proper and adequate handrails/grab bars necessary for equal and effective use of bathrooms in violation of the prohibition against discrimination based on disability contained in Title III of the ADA, 42 U.S.C. § 12182, *et seq.*

29.    At all times material Plaintiff CAROL CORTES' experience aboard the subject vessel, and including on or about April 15, 2018, Defendant PRINCESS knowingly denied Plaintiff CAROL CORTES the opportunity to benefit from its services, facilities, privileges, advantages, and accommodations that were equal to that afforded to other individuals who are not physically disabled in violation of the prohibition against discrimination based on disability contained in Title III of the ADA, 42 U.S.C. § 12182, *et seq.*

30.    At all times material Plaintiff CAROL CORTES' experience aboard the subject vessel, and including on or about April 15, 2018, Defendant PRINCESS knowingly failed to make reasonable modifications in its policies, practices, and/or procedures as necessary to afford Plaintiff CAROL CORTES with its goods, services, facilities, privileges, advantages, and/or accommodations in violation of the prohibition against discrimination based on disability contained in Title III of the ADA, 42 U.S.C. § 12182, *et seq.*

31.    At all times material Plaintiff CAROL CORTES' experience aboard the

subject vessel, and including on or about April 15, 2018, Defendant PRINCESS knowingly failed to take such steps necessary to ensure that Plaintiff, CAROL CORTES, was not excluded, denied services, segregated, and/or otherwise treated differently than individuals who are not physically handicapped because of the lack of proper and adequate ADA complaint handrails in violation of the prohibition against discrimination based on disability contained in Title III of the ADA, 42 U.S.C. § 12182, *et seq.*

32.    Defendant PRINCESS knew or should have known that those elements and areas described herein were inaccessible, violate state and federal law, and deprived the Plaintiff CAROL CORTES of full and equal use, enjoyment, benefit, use, privileges and/or accommodations that were equal to that afforded to other individuals who are not physically disabled.

33.    As a result of Defendant PRINCESS's actions and failures to act, Plaintiff CAROL CORTES was deprived of full and equal use, enjoyment, benefit, use, privileges and/or accommodations that were equal to that afforded to other individuals who are not physically disabled.  Further, the Plaintiff CAROL CORTES injured about her body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions and therefore incurred medical expenses in the care and treatment of Plaintiff, CAROL CORTES' injuries and suffered physical handicap. The injuries are permanent and continuing in nature, and Plaintiff CAROL CORTES will suffer the

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

Plaintiff's Complaint and Demand for Jury Trial

losses and impairments in the future. In addition, Plaintiff CAROL CORTES lost the benefit of her vacation, cruise, and transportation costs.

WHEREFORE the Plaintiff CAROL CORTES demands judgment for all damages recoverable under the law, including but not limited to statutory attorney's fees and costs, against the Defendant PRINCESS and demands trial by jury.

### COUNT II
### <u>VIOLATION OF THE FEDERAL REHABILITATION ACT</u>

Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1 through 24, and alleges as follows:

34.    Defendant PRINCESS is upon information and belief, a recipient of federal funding and/or financial assistance or benefits and is an entity covered by Section 504 of the Federal Rehabilitation Act, 29 U.S.C. § 794, *et seq.*

35.    Defendant PRINCESS is a private entity that owns, leases, operates, and/or manages a place of public accommodation, the vessel *Crown Princess* operating in United States' water or those of its territories, as defined by Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, *et seq.*

36.    At all times material Plaintiff CAROL CORTES' experience aboard the subject vessel, and including on or about April 15, 2018, Defendant  PRINCESS knowingly failed to provide proper and adequate handrails/grab bars necessary for equal and effective use of bathrooms in violation of the prohibition against discrimination based on disability contained in 29 U.S.C. § 794 and its implanting

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

regulations.

37.     At all times material Plaintiff CAROL CORTES' experience aboard the subject vessel, and including on or about April 15, 2018, Defendant  PRINCESS knowingly denied Plaintiff CAROL CORTES the opportunity to benefit from its services, facilities, privileges, advantages, and accommodations that were equal to that afforded to other individuals who are not physically disabled in violation of the prohibition against discrimination based on disability contained in 29 U.S.C. § 794 and its implanting regulations.

38.     At all times material Plaintiff CAROL CORTES' experience aboard the subject vessel, and including on or about April 15, 2018, Defendant PRINCESS knowingly failed to make reasonable modifications in its policies, practices, and/or procedures as necessary to afford Plaintiff CAROL CORTES with its goods, services, facilities, privileges, advantages, and/or accommodations in violation of the prohibition against discrimination based on disability contained in 29 U.S.C. § 794 and its implanting regulations.

39.     At all times material Plaintiff CAROL CORTES' experience aboard the subject vessel, and including on or about April 15, 2018, Defendant  PRINCESS knowingly failed to take such steps necessary to ensure that Plaintiff CAROL CORTES was not excluded, denied services, segregated, and/or otherwise treated differently than individuals who are not physically handicapped because of the absence of adequate and proper handrails/grab bars in violation of the prohibition

against discrimination based on disability contained in 29 U.S.C. § 794 and its implanting regulations.

40.     As a result of Defendant PRINCESS's actions and failures to act, Plaintiff CAROL CORTES was deprived of full and equal use, enjoyment, benefit, use, privileges and/or accommodations that were equal to that afforded to other individuals who are not physically disabled.   Further, the Plaintiff CAROL CORTES injured about her body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions and therefore incurred medical expenses in the care and treatment of Plaintiff CAROL CORTES' injuries and suffered physical handicap. The injuries are permanent and continuing in nature, and Plaintiff CAROL CORTES will suffer the losses and impairments in the future. In addition, Plaintiff CAROL CORTES lost the benefit of her vacation, cruise, and transportation costs.

WHEREFORE the Plaintiff demands judgment for all damages recoverable under the law against the defendant and demands trial by jury.

**COUNT III**
**VIOLATION OF THE DISABLED PERSONS ACT**
**UNDER THE CALIFORNIA CIVIL CODE § 54**

Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1 through 24, and alleges as follows:

41.     California Civil Code §54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

streets, sidewalks, walkways, public buildings and facilities, and other public places.

42.    California Civil Code § 54 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

43.    Both sections specifically incorporate (by reference) an individual's rights under the ADA. *See* Civil Code §§ 54(c) and 54.1(d).

44.    Defendant PRINCESS discriminated against the Plaintiff CAROL CORTES when it knowingly denied Plaintiff CAROL CORTES full and equal access to the benefit from its services, facilities, privileges, advantages, and accommodations that were equal to that afforded to other individuals who are not physically disabled in violation of the prohibition against discrimination based on disability, and therefore, infringed upon and/or violated Plaintiff CAROL CORTES' rights under the Disabled Persons Act.

45.    As a result of Defendant PRINCESS's actions and failures to act, Plaintiff CAROL CORTES was deprived of full and equal use, enjoyment, benefit, use, privileges and/or accommodations that were equal to that afforded to other individuals who are not physically disabled.   Further, the Plaintiff CAROL CORTES injured about her body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions and therefore incurred medical expenses in the care and treatment of

13

Plaintiff CAROL CORTES' injuries and suffered physical handicap. The injuries are permanent and continuing in nature, and Plaintiff CAROL CORTES will suffer the losses and impairments in the future. In addition, Plaintiff CAROL CORTES lost the benefit of her vacation, cruise, and transportation costs.

46.     For each offense of the Disabled Persons Act, Plaintiff seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), statutory attorney's fees, and any other remedy available under California Civil Code § 54.3.

WHEREFORE the Plaintiff demands judgment for all damages recoverable under the law against the Defendant under California Civil Code § 54.3 and demands trial by jury.

## COUNT IV
## VIOLATION OF THE UNRUH CIVIL
## RIGHTS ACT UNDER CALIFORNIA CIVIL CODE

Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1 through 24, and alleges as follows:

47.     According to California Civil Code § 51, All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

48.     California Civil Code § 51 states, in part that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

14

the disability of the person.

49.    A violation of the right of any individual under the ADA will also constitute a violation of the Unruh Civil Rights Act pursuant to California Civil Code § 51(f).

50.    Defendant's aforementioned acts and omissions denied the physically disabled public – including Plaintiff – full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

51.    These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

52.    For each offense of the Unruh Civil Rights Act, Plaintiff seeks actual damages (both general and special damages), statutory minimum damages of four thousand dollars ($4,000), reasonable attorney's fees, and any other remedy available under California Civil Code § 52(a).

WHEREFORE the Plaintiff demands judgment for all damages recoverable under the law against the Defendant including reasonable attorney's fees and costs incurred under California Civil Code § 52(a) and demands trial by jury.

## COUNT V
## NEGLIGENCE AGAINST DEFENDANT PRINCESS

53.    Plaintiff hereby incorporates by reference, as though fully set forth

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

herein, paragraphs 1 through 24, and alleges as follows:

54.   At all times material, Defendant PRINCESS through its employees, servants, agents, and/or representatives acting within the course and scope of their employment, owed the Plaintiff CAROL CORTES a non-delegable duty to exercise reasonable care under the circumstances as required of an ocean common carrier for the safety of a fare-paying passenger.

55.   Alternatively, at all material times, Defendant PRINCESS and/or their employees, engaged in certain affirmative undertakings, as hereafter alleged, and in doing so acquired a duty to exercise reasonable care in those undertakings.

56.   On or about April 15, 2018, Defendant PRINCESS and/or its agents, servants, joint venturer's and/or employees, breached its duty to provide the Plaintiff CAROL CORTES with reasonable care under the circumstances, and was negligent and careless by committing the following acts and/or omissions including but not limited to:

a.   Failure to provide a reasonably safe restroom and shower;

b.   Failure to provide an ADA compliant stateroom;

c.   Failure to provide adequate and proper hand rails/grab bars;

d.   Failure to adequately and regularly inspect the stateroom bathroom for hazardous and dangerous conditions;

e.   Failure to utilize adequate flooring in the stateroom bathroom;

f.   Failure to adequately design the shower in the stateroom so that it would

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

not present a fall hazard;

g.    Failure to provide adequate markings and/or warnings of the dangerous and hazardous condition of the stateroom bathroom;

h.    Failure to warn of dangers of using shower with inadequate handrails/grab bars and/or unreasonably slippery flooring surface;

i.    Failure to provide non-slip mats in the stateroom bathroom;

j.    Failure to provide an adequate non-slip flooring surface in the stateroom bathroom;

k.    Failure to promulgate and/or enforce adequate policies and/or procedures so as to maintain reasonably safe conditions in the stateroom bathroom but not limited to adequately and regularly inspecting and/or maintaining adequate flooring surfaces and proper and adequate handrails/grab bars in the stateroom bathroom;

l.    Failure to provide prompt, proper and/or adequate medical care to Plaintiff;

m.    Failure to properly, adequately and safely implement the International Safety Management Code, and by extension, its own Safety Management System and Safety Management Manual;

n.    Failure to take corrective measures despite prior similar incidents; and/or

o.    Other acts or omissions constituting a breach of the duty to use reasonable care under the circumstances which are revealed through

17

discovery.

57.    At all material times, Defendant PRINCESS had exclusive custody and control of the subject vessel.

58.    At all material times, Defendant PRINCESS negligently failed to determine, eliminate, modify, correct, or warn the Plaintiff CAROL CORTES of the dangerous and hazardous condition which resulted in her injuries. Defendant PRINCESS violated the International Safety Management Code and failed to have a proper, adequate and safe Safety Management System Manual and/or failed to properly implement the Safety Management System Manual aboard the vessel.  All of which caused the Plaintiff CAROL CORTES to be injured.

59.    Defendant PRINCESS knew of the foregoing conditions causing Plaintiff CAROL CORTES' accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant PRINCESS in the exercise of reasonable care under the circumstances should have learned of them and corrected them.

60.    As a result of the negligence of Defendant PRINCESS, the Plaintiff CAROL CORTES was injured about her body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefore, incurred medical expenses in the care and treatment of Plaintiff CAROL CORTES' injuries and suffered physical handicap. The injuries are permanent and continuing in nature, and Plaintiff CAROL CORTES

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

will suffer the losses and impairments in the future. In addition, Plaintiff CAROL CORTES lost the benefit of his vacation, cruise, and transportation costs.

WHEREFORE the Plaintiff CAROL CORTES demands judgment for all damages recoverable under the law against the Defendant PRINCESS and demands trial by jury.

### Prayer for Relief

WHEREFORE, the Plaintiff CAROL CORTES respectfully request the Court enter judgment in her favor and against the Defendant PRINCESS as follow:

1.  To enter judgment in favor of the Plaintiff against Defendant PRINCESS on all causes of action as alleged herein;

2.  To award compensatory damages in the amount to be ascertained at trial;

3.  To award statutory damages as permitted by California Civil Code § 52(a) and 54.3.

4.  To award statutory attorney's fees and costs as permitted by law;

5.  For prejudgment interest according to proof; and

6.  To enter such other and further relief as the Court deems just under the circumstances.

LIPCON MARGULIES ALSINA & WINKLEMAN

DATED:   April 4, 2019.

BY: *s/ Carol L. Finklehoffe*

19

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

CAROL L. FINKLEHOFFE
*Attorney for Plaintiff*

## **Demand for Jury Trial**

Plaintiff CAROL CORTES hereby demands a trial by jury on all claims for relief.

LIPCON MARGULIES ALSINA & WINKLEMAN

DATED:   April 4, 2019.

BY: *s/ Carol L. Finklehoffe*

CAROL L. FINKLEHOFFE
*Attorney for Plaintiff*